IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Respondent | : | NO. 98-501 |
| | : | |
| v. | : | |
| | : | |
| MANUEL CRUZ, | : | CIVIL ACTION |
| Petitioner | : | NO. 09-2208 |

MEMORANDUM

**Baylson, J.** October 14, 2009

Pending before the Court is Petitioner Manuel Cruz's Habeas Corpus Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Docket No. 52).

After pleading guilty pursuant to a plea agreement, Cruz was convicted for conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. On November 24, 1999, Cruz was sentenced to 240 months' imprisonment, five years' supervised release, a $1,000 fine, and a $100 special assessment fee. Cruz filed a direct appeal, which was denied on March 12, 2001 (Docket No. 39). Cruz did not petition for certiorari. On August 30, 2006, Cruz filed his first pro se motion to vacate, set aside, or correct his sentence under Section 2255 (Docket No. 48), which this Court denied without prejudice on October 19, 2006 for failing to fill out the requisite standard Section 2255 form.[1]

On May 18, 2009, Cruz filed the current post-conviction Section 2255 motion to vacate, set aside, or correct his sentence which contends that trial counsel provided him with ineffective assistance by not requesting a reduction in his offense level based on his allegedly minimal participation in the conspiracy and not arguing that this Court's calculation of criminal history

---

[1] On April 2, 2009, this Court entered an Order formally acknowledging Cruz's decision not to pursue his first Section 2255 petition. This petition, therefore, is not a successive Section 2255 petition.

points overstated his criminal history. Cruz also avers that the government acted in bad faith by accepting his cooperation, but failing to file a motion for a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35(b). Cruz requests vacatur of his sentence and an evidentiary and resentencing hearing respecting his ineffective assistance claims. The government avers that Cruz's petition should be dismissed as untimely.

Motions for collateral relief under Section 2255 are subject to a one-year statute of limitations. Section 2255 provides, in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> . . . [or]
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f). Cruz's ineffective assistance claims do not pertain to a new issue or change in the law, and thus the statute of limitations ran from the date when his judgment of conviction became final. Because Cruz did not petition for certiorari, his conviction became final 90 days after March 12, 2001, when his direct appeal was denied. See Kapral v. United States, 166 F.3d 565, 571 (3d Cir. 1999) (explaining that "when the time for seeking certiorari review has expired," a defendant's conviction becomes "final" for purposes of Section 2255). Cruz first moved for Section 2255 relief on August 20, 2006, more than five years after his conviction became final and thus well after the one-year limitations period provided by Section 2255 had passed. The motion therefore is untimely. The Court also does not find any reason to allow a certificate of appeal in this case.

Accordingly, the Motion will be dismissed without a hearing.

An appropriate Order follows.

A:\09-2208 U.S. v. Cruz Memorandum - Habeas Corpus 2255 -.wpd